IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. RWT 04-0235 |
| JOHN ALBERT MARTIN, JR. | : | |

**MEMORANDUM OPINION**

On May 12, 2009, this Court entered an order appointing the Federal Public Defender to preliminarily review whether the Defendant, John Albert Martin, Jr., may be eligible for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 706 to the United States Sentencing Guidelines related to cocaine base ("crack"). [Paper No. 1288] The Public Defender has filed a "status report" dated November 20, 2009, requesting a reduction in defendant's sentence due to the adoption of Amendment 706. [Paper No. 1325] As the status report notes, the defendant was found to be a career offender under § 4B1.1; nevertheless, the report asserts that the sentence was "based on" § 2D1.1(c), which has been lowered by Amendment 706. Other courts considering this issue, however, have uniformly resolved it against the position taken in the status report. Accordingly, treating the status report as a motion under 18 U.S.C. § 3582(c)(2), it will be denied for the following reasons.

Section 3582(c)(2) of Title 18 provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a

>reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In United States v. Plater, 2008 WL 2543435, at *1 (D.Md. June 24, 2008), Judge Messitte noted that "such a reduction is not authorized under § 3582(c)(2) if 'the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.' U.S.S.G. § 1B1.10 comment. (n.1(A)(ii)) (Supp. to 2007 Guidelines Manual)." The Plater court ultimately held:

>As a career offender, the guideline range applicable to Plater was prescribed by Section 4B1.1 rather than Section 2D1.1, i.e., the guideline for the "crack" offense, with the result that Amendment 706 does not have the effect of lowering the applicable guideline range. The Fourth Circuit has firmly agreed with this analysis, holding in similar cases that while the "base offense level corresponding to the determined drug quantity would be lower as a result of Amendment 706, the amendment is ultimately of no consequence because calculation of [defendant's] base offense level was driven by the career offender designation," United States v. Bronson, 2008 WL 539796, at *3 (4th Cir. February 27, 2008); see also United States v. Gray, 2008 WL 895012, at *2 (4th Cir. April 2, 2008).

Plater, 2008 WL 2543435 at *2. The Fourth Circuit upheld that decision, albeit in an unpublished opinion:

>Angelo Albert Plater appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion. We have reviewed the record and find no reversible error. See United States v. Hood, 556 F.3d 226 (4th Cir. 2009). Accordingly, we affirm for the reasons stated by the district court. United States v. Plater, No. 8:97-cr-00408-PJM-1, 2008 WL 2543435 (D. Md. filed June 24, 2008; entered June 25, 2008). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

United States v. Plater, 322 Fed.Appx. 353 (4th Cir. April 22, 2009).

2

Since then, the First, Second, Third, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have held that Amendment 706 offers no relief to defendants sentenced as career offenders. In United States v. Wesson, 583 F.3d 728, 731 (9th Cir. 2009), the court observed:

> [W]ith respect to the first prong of 18 U.S.C. § 3582(c)(2), a drug offense sentence that is "based on" a sentencing range calculated under U.S.S.G. § 4B1.1 because the defendant was a career offender cannot have been "based on" a sentencing range calculated under the § 2D1.1 drug amount table. The two sentencing schemes are mutually exclusive. We thus join our sister circuits in holding that a career offender sentenced pursuant to § 4B1.1 is not eligible for a sentence reduction under Amendment 706. See United States v. Perdue, 572 F.3d 288, 291-93 (6th Cir. 2009); United States v. Martinez, 572 F.3d 82, 84-85 (2d Cir. 2009) (per curiam); United States v. Mateo, 560 F.3d 152, 154-56 (3d Cir.2009); United States v. Forman, 553 F.3d 585, 589-90 (7th Cir. 2009) (per curiam); United States v. Caraballo, 552 F.3d 6, 9-12 (1st Cir.2008); United States v. Sharkey, 543 F.3d 1236, 1238-39 (10th Cir. 2008); United States v. Tingle, 524 F.3d 839, 839-40 (8th Cir. 2008) (per curiam).

There also are many unpublished Fourth Circuit cases, in addition to Plater, holding that career offenders do not get the benefit of the crack amendment. See, e.g., United States v. Byers, 2009 WL 2870205 (4th Cir. Sept. 8, 2009); United States v. Mack, 327 Fed.Appx. 428 (4th Cir. May 14, 2009); United States v. Carson, 332 Fed.Appx. 75 (4th Cir. June 17, 2009).

Accordingly, the motion will be denied by separate order.

December 22, 2009                              /s/
Date                              Roger W. Titus
                                  United States District Judge